IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JAMES WILLIAM WATERS, | * |
| Petitioner | * |
| v | *   Civil Action No. DKC-14-3115 |
| | (Related Case Criminal No. DKC-11-305) |
| UNITED STATES OF AMERICA, | * |
| Respondent | * |
| | *** |

## MEMORANDUM OPINION

James William Waters, the self-represented Petitioner, is a prisoner confined to the custody of the Federal Bureau of Prisons ("BOP") and currently assigned to the Federal Correctional Institution Petersburg Medium ("FCI Petersburg Medium") in Petersburg, Virginia. Waters filed a Motion for Sentencing Review Pursuant to 18 U.S.C. §3742 alleging the BOP improperly denied him a sentence reduction following his participation in the Residential Drug Abuse Program. *See United States v. Waters*, Criminal No. DKC-11-305 (ECF No. 45). The court construed the Motion as a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. §2241 (*see Waters v. United States*, Civil Action No. DKC-14-3115 (ECF No. 2)) and directed the Government to Respond. (ECF No. 3).

Respondent has filed a Motion to Dismiss for Improper Venue or in the alterative, Motion to Transfer. (ECF No. 3). Waters opposes the motion. (ECF No. 5). Respondent has replied. (ECF No. 6). No hearing is necessary to resolve the matter. *See* Local Rule 105.6 (D. Md.). For the reasons that follow, the Motion to Dismiss shall be denied and the Motion to Transfer granted. The petition shall be transferred to the Eastern District of Virginia.

Waters incorrectly maintains that it was error for the court to re-construe his motion without providing him notice of its intention to do so. (ECF No. 5). He relies on *Castro v. United States*, 540 U.S. 375 (2003), arguing that it was improper for the court to re-characterize

his motion. *Castro*, however, makes it improper for a court to reconstrue a motion filed by a self-represented litigant as a first motion filed pursuant to §2255 without providing the movant notice of the court's intention. *Castro* and its progeny are specifically applied in the context of first motions for relief filed pursuant to §2255.

The court did not reconstrue Waters' petition as filed under §2255 but rather as a petition filed pursuant to §2241. *Castro* permits a court to recharacterize a motion filed by a self-represented litigant to create better correspondence between the subject of the motion and its underlying legal basis. *See Castro v. United States*, 540 U.S. at 381. Regardless of the label used, it is the subject matter of the motion and not its title which determines its status. *See Calderon v. Thompson*, 523 U.S. 538, 553-54 (1998). Accordingly, the recharacterization of Waters' motion was proper.[1]

The proper jurisdiction for a § 2241 habeas corpus petition is in the federal district court where a petitioner is incarcerated or in the federal district court where the petitioner's custodian is located. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-89 (1973). Petitioner is confined in Petersburg, Virginia, and his custodian, or the person who has the day-to-day responsibility for his custody, is the warden at FCI Petersburg. Therefore, this court finds that jurisdiction of the instant action lies in Virginia, not in Maryland. Accordingly, the undersigned concludes that transfer of instant case to the United States District Court for the Eastern District of Virginia is appropriate.

A separate Order follows.

  March 25, 2015                           _____/s/_____
Date                                                      DEBORAH K. CHASANOW
                                                            United States District Judge

---

[1] Waters' Motion for Sentencing Review Pursuant to 18 U.S.C. §3742 (*United States v. Waters*, Criminal No. DKC-11-305 (ECF No. 45)) shall be denied. This court is without jurisdiction to entertain a motion filed under 18 U.S.C. §3742, as that statute governs appellate review of a district court's sentencing decision. *See United States v. Auman*, 8 F.3d 1268, 1270-71 (8th Cir. 1993).